UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 20, 2018

Sean M. O'Brien, Esq.
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
*Counsel for Defendant Monterey Financial Services, Inc.*

Melissa Pirillo, Esq.
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   Cintron v. Prosper, Inc. and Monterey Financial Services, Inc.
      Civil Action No. 17-11530 (SDW) (CLW)

Counsel:

Before this Court is Defendant Monterey Financial Services, Inc.'s ("MFS" or "Defendant") Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). This Court having considered Defendant's submissions, noting that Plaintiff has not opposed the motion, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendant's motion.

## DISCUSSION

A. Standard of Review

Subject matter jurisdiction establishes a court's "very power to hear the case," *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, or certain claims between citizens of different states pursuant to 28 U.S.C. § 1332. A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by challenging jurisdiction facially or

factually. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted).

      B. <u>This Court Lacks Subject Matter Jurisdiction to Hear Plaintiff's Complaint</u>

On or about February 23, 2015, Plaintiff Lazaro Cintron, ("Cintron" or "Plaintiff") entered into a contract (the "Contract") with Defendant Prosper, Inc. ("Prosper") that provided Plaintiff with a personal loan of $4,000.00 at an annual interest rate of 17.99%. (*Id.* ¶¶ 9-12.) Prosper subsequently transferred or assigned its rights under the Contract to MFS. (*Id.* ¶ 15.)

On November 10, 2017, Plaintiff filed suit in this Court, on behalf of himself and others similarly situated, alleging that the Contract's interest rate violates New Jersey's usury law, NJ Rev. Stat. § 31:1-1 (2013). (*Id.* ¶¶ 16-18.) Plaintiff's Complaint contends that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. (*Id.* ¶ 2.) Defendant moved to dismiss the Complaint on January 16, 2018 for lack of subject matter jurisdiction and, in the alternative, failure to state a claim upon which relief can be granted. (Dkt. No. 5.)

Plaintiff's Complaint contains a single tort claim brought pursuant to New Jersey's usury law. A claim under a New Jersey state statute, however, does not "aris[e] under the Constitution, laws, or treaties of the United States" and, therefore, does not create federal question jurisdiction. Apart from listing 28 U.S.C. § 1331 as the basis for jurisdiction, Plaintiff does not articulate a cognizable basis for this Court to hear his claims. Therefore, this Court lacks subject matter jurisdiction in this matter and Defendant's Motion to Dismiss will be granted.[1]

**CONCLUSION**

Defendant's Motion to Dismiss the Complaint will be **GRANTED**. An appropriate order follows.

                                                       ___/s/ Susan D. Wigenton_____
                                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda W. Wettre, U.S.M.J.

---

[1] Because this Court lacks jurisdiction to hear Plaintiff's claims, it will not address Defendant's motion to dismiss under Rule 12(b)(6).